## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

GCCFC 2002-C1 DAYTON HOTEL          :
& CONFERENCE CENTER, LLC,

                                    :

     Plaintiff,

                                    :

 vs.                                                    Case No. 3:10cv00105

                                    :

DAVID A. MEYERS, AS TRUSTEE                             Chief Magistrate Judge Sharon L. Ovington
OF THE VISICON SHAREHOLDERS         :
TRUST, AN OHIO TRUST U/A/D
NOVEMBER 11, 2001, *et. al.*,        :

                                    :

     Defendants.                    :

---

## DECISION AND ORDER GRANTING PLAINTIFF'S UNOPPOSED
## MOTION FOR SUMMARY JUDGMENT *IN REM* (Doc. #52)

---

## I.

At its simplest, this case is an action for judgment and foreclosure arising from an allegedly unpaid debt. The debt purportedly arose from a $9,000,000.00 loan to the Visicon Shareholders Trust, through its trustees, Defendants David A. Meyer and Amanda L. Meyer. Approximately $6,664,735.00 of the loan's principal sum remains unpaid, according to Plaintiff.

Plaintiff's Complaint contains two Counts that are currently at issue in their presently pending Motion for Summary Judgment *in Rem*:  Count I – Foreclosure; Count 2 – Sale of Collateral. (Doc. #52). Defendants have not opposed or responded to Plaintiff's Motion for

Summary Judgment.

The parties have unanimously consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. §636(c). (Doc. #27). Consequently, District Judge Walter Herbert Rice referred the case to the undersigned under §636(c) for all further proceedings, "including trial, the entry of judgment and all post-trial proceedings." (Doc. #28).

## II.

The loan and resulting debt in this case are the product of a relatively large yet routine business deal – one involving a promissory note secured by a mortgage and by collateral. The details of the business deal exist in the copies of financial instruments and records Plaintiff has submitted in support of its motion for summary judgment and complaint. The truth and accuracy of those documents is verified by Edward C. Brown's unopposed affidavit. Brown is the "Asset Manager for LNR Partners, Inc., Manager of Plaintiff..., and the Special Servicer of the loan that is the subject of this case." (Doc. #52, Exhibit 1, PageID at 494). Plaintiff's motion and documents tell the following story.

Greenwich Capital Financial Products, Inc. loaned $9,000,000.00 to David and Amanda Meyers as Trustees of Visicon Shareholders Trust. In return, the Trustee Defendants executed a promissory note under which they would pay Greenwich Capital monthly installments totaling the principal plus interest. The promissory note scheduled the monthly payments to begin on January 1, 2003.

The Trustee Defendants admit in their Answer that they have failed to make payments as required under the Promissory Note. (Doc. #20, PageID at 261). The Note

2

matured by its terms in December 2012. (Doc. #1, Exh. 2, PageID at 20)("any remaining

indebtedness, if not sooner paid, shall be due and payable on the Payment Date or the New

Payment Date occurring in December, 2012 ...."). Brown's unopposed affidavit states:

> [D]ue and owing from the Borrower[1] to Plaintiff on the indebtedness
> evidenced by the [Promissory] Note as of January 1, 2013, is the principal sum
> of $6,664,735.18, not including accrued interest, late charges, deferred
> interest, prepayment obligations, attorneys' fees, and other charges and
> obligations due pursuant to the Note and other loan documents, which
> obligations continue to accrue, subject to reduction to the extent of any
> remaining reserves and escrows established pursuant to the Mortgage and
> other loan documents.

(Doc. #52, PageID at 495-96)(footnote added).

The parties to the deal did not remain the same over the ensuing years, an

unsurprising fact in this era of fast-developing financial transactions. Plaintiff eventually

became the loaner; the Trustee Defendants, and through them Visicon Shareholders Trust,

remained the Borrower. Plaintiff explains:

> The promissory note has been assigned and transferred from
> Greenwich to LaSalle Bank National Association, as trustee for the registered
> holders of Greenwich Capital Commercial Funding Corp., Commercial
> Mortgage Trust 2002-C1, Commercial Mortgage Pass-Through Certificates,
> Series 2002-C1 by an allonge attached to the promissory note, and further
> assigned from Bank of America, National Association, a national banking
> association and successor by merger to LaSalle Bank National Association, as
> trustee for the registered holders of Greenwich Capital Commercial Funding
> Corp., Commercial Mortgage Trust 2002 C1, Commercial Mortgage Pass
> Through Certificates, Series 2002-C1, to Plaintiff by an allonge attached to the
> promissory note.

---

[1] "Borrower" refers collectively to the Trustee Defendants and Visicon Shareholders Trust.
(Doc. #52, PageID at 494).

(Doc. #52, PageID at 484 (citing Doc, #1, Exh. 2)).

The mortgage that secured the promissory note encumbered property commonly known as the Hope Hotel & Richard C. Holbrooke Conference Center (the Hope Hotel Mortgage). Hope Hotel is located at Chidlaw Road & Spruce Way, Wright-Patterson Air Force Base in Greene County, Ohio, Parcel Number A01000100070002308. The Hope Hotel Mortgage encumbered both personal property (Collateral) and real estate (Real Estate).

Defendant Trustees executed the Hope Hotel Mortgage in November 2002; it is titled: "Open-End Leasehold Mortgage, Assignments of Rents and Security Agreement." (Doc. #1, Exh. 3). The history of the Hope Hotel Mortgage tracks that of the promissory note. Plaintiff explains:

> On November 26, 2002, the Mortgage was filed for record in Official Record 1858, Page 927 in the official records of the Recorder's Office, Greene County, Ohio. The Mortgage was assigned and transferred from Greenwich to LaSalle Bank National Association, as trustee for the registered holders of Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2002 C1, Commercial Mortgage Pass Through Certificates, Series 2002-C1 by an Assignment of Mortgage recorded on July 20, 2005 in Official Record Volume 2445, Page 832 in the official records of the Greene County, Ohio Recorder .... The Mortgage was further assigned and transferred from Bank of America, National Association, a national banking association and successor by merger to LaSalle Bank National Association, as trustee for the registered holders of Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2002 C1, Commercial Mortgage Pass Through Certificates, Series 2002-C1, to Plaintiff by an Assignment of Open-End Leasehold Mortgage, Assignment of Rents and Security Agreement and Other Loan Documents ... recorded on February 25, 2010 in Official Record Volume 2994, Page 784 in the official records of the Greene County, Ohio Recorder ....

(Doc. #52, PageID at 485-86 (citing Doc. 1, Exhs. 4, 5)). Thus, Plaintiff is the current owner

4

and holder of the Hope Hotel Mortgage and the alleged indebtedness secured thereby.

The Hope Hotel Mortgage provides at Section 19(a) that the "failure of Borrower to pay any money as and when due under the Note or any of the other Loan Documents" constitutes an "Event of Default." (Doc. #1, Exh. 3, PageID at 49). The Mortgage further provides that when an Event of Default occurs, the Lender – now Plaintiff – may "declare all of the sums secured by this instrument to be immediately due and payable without further demand." *Id.*, PageID at 50. In addition, the Mortgage states that upon an Event of Default, Lender "may invoke the power of sale granted herein." *Id*.

In order to secure the promissory note, the Trustee Defendants granted the original Lender a security interest in the Collateral. The Collateral is described in great detail in financing statements. *See* Doc. #52, Exh. 6. Plaintiff explains:

> Financing statements have been filed with the Greene County Recorder on November 26, 2002 as Financing Statement Numbers 2002-000225 and 2002-000226 perfecting the Original Lender's security interest in the Collateral including fixtures, which have been assigned to Plaintiff (collectively, the "Fixture Filings"). Additionally, financing statement[s] have been filed with the Secretary of State of Ohio as Financing Statement Numbers OH00057166168, OH00057166380 perfecting the Original Lender's security interest in the Collateral including fixtures, which have been assigned to Plaintiff (collectively, the "UCC-1 Filings"). The Fixture Filings and UCC-1 Filings are hereinafter collectively referred to as the "Financing Statements."

(Doc. #52, PageID at 487).

The upshot of the above, for the moment, is that Plaintiff claims status as "the owner and holder of the Mortgage and the indebtedness secured thereby ...." (Doc. #52, PageID at 486).

**III.**

On March 22, 2010, Plaintiff filed its Complaint for Foreclosure and Appointment of Receiver with this Court. Plaintiff joined all necessary parties to this action, including all parties identified in the title commitment for the Property. Service has either been perfected on all Defendants, or they have disclaimed their interest in the Property.

The State of Ohio, Department of Taxation has filed an Answer effectively disclaiming any interest in the Property. (Doc. #22). The Greene County, Ohio Treasurer has been served with the Summons and Complaint (Doc. #14) but has not filed an Answer or otherwise responded to Plaintiff's Complaint. The United States of America has filed an Answer. (Doc. #25). And, as noted previously, the Trustee Defendants filed their Answer, admitting that they have failed to make payments as required under the Promissory Note. (Doc. #20, PageID at 261).

Borrower filed for bankruptcy protection pursuant to Title 11 of the United States Code, but its bankruptcy case has been dismissed.

Through its motion for summary judgment and supporting documents, Plaintiff seeks to foreclose its interest in the Property as to all Defendants.

**IV.**

A party is entitled to summary judgment when there is no genuine dispute over any material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011).

6

To resolve whether a genuine issue of material fact exists, the Court draws all reasonable inferences in the light most favorable to the non-moving party. *Richland Bookmart, Inc. v. Knox County, Tenn.*, 555 F.3d 512, 520 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348 (1986)). With these reasonable inferences in the forefront, "[t]he central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Jones v. Potter*, 488 F.3d 397, 402-03 (6th Cir. 2007) (citing *Matsushita*, 475 U.S. at 587; quoting, in part, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "Accordingly, [e]ntry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Whitfield v. Tennessee*, 639 F.3d 253, 258 (6th Cir. 2011) (citations and internal quotation marks omitted).

If a motion for summary judgment is unopposed, the court may not "blithely accept the conclusions argued in the motion. The trial court must ... intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992) (italics in original).

## V.

In the absence of opposition to Plaintiff's motion for summary judgment, the Promissory Note submitted by Plaintiff is – on its face – valid and enforceable. *See Guarino*,

980 F.2d at 407; *see also Edward A. Kemmler Memorial Found. v. 691/733 East Dublin-Granville Road Co.*, 62 Ohio St.3d 494, 498-500 (1992). Plaintiff's unopposed motion and evidence further establishes that although Plaintiff was not the original loaner (Greenwich Capital was), Plaintiff became and remains the owner and holder of the Promissory Note and other loan documents by way of well-documented assignments and transfers. *See, e.g.,* Doc. #1, Exhs. 2-5. Plaintiff is therefore entitled to enforce the Promissory Note's terms. *See Integra Bank Nat. Ass'n v. 3700 Williston Northwood S & B*, 2010 WL 3604409 at *4-*5 (N.D. Ohio Sept. 9, 2010) (Armstrong, M.J.), *report and recommendation adopted*, 2010 WL 8048395 (N.D. Ohio Sept. 9, 2010) (Carr, D.J.).

There is no dispute – genuine or otherwise – over the central fact in this case: Borrower has failed to make payments required by the terms of the Promissory Note. The Promissory Note, moreover, matured by its plain terms in December 2012. (Doc. #1, Exh. 2, PageID at 20). By failing to make all the mandated monthly payments, Borrower is in breach of, and default under, the Promissory Note. Borrower is therefore subject to liability to Plaintiff for the principal amounts due on the Promissory Note as of January 1, 2013 plus accrued interest, etc., which are listed in the next paragraph. *See Integra Bank*, 2010 WL 3604409 at *4-*5; *see, e.g., Chatfield & Woods Sack Co., Inc. v. Nusekabel*, 1999 WL 960782 at *4-*5 (Ohio Ct. App. Oct. 22, 1999) ("Nusekabel's failure to tender on December 29, 1990, full payment of the principal and interest due on the promissory note constituted a breach of the note and, in turn, constituted an event of default under the mortgage").

Brown's unopposed affidavit establishes that as of January 1, 2013, there is due and

8

owing from Borrower to Plaintiff on the indebtedness, as evidenced by the Promissory Note, the principal sum of $6,664,735.18, not including accrued interest, late charges, deferred interest, prepayment obligations, attorneys' fees, and other charges and obligations due pursuant to the Note and other loan documents, which obligations continue to accrue, subject to reduction to the extent of any remaining reserves and escrows established pursuant to the Hope Hotel Mortgage and other loan documents. *See* Doc. #1, Exh. 2, PageID at 20, 25-27; Doc. #52, PageID at 485, 494-95; *see also Integra Bank*, 2010 WL 3604409 at *4-*5.

The Borrower's remaining indebtedness is secured by the Hope Hotel Mortgage and Collateral. A mortgagee in Ohio – like Plaintiff – after a condition of the mortgage is broken, has three concurrent remedies: (1) an action on the debt; (2) foreclosure in equity; and (3) an action in ejectment. *Integra Bank Nat. Ass'n*, 2010 WL 3604409 at *4. The right to judgment on a note evidencing the debt secured by a mortgage and the right to foreclose on the mortgage constitute two separate causes of action – one legal; one equitable. *See Metropolitan Life Ins. Co. v. Triskett Illinois, Inc.*, 97 Ohio App.3d 228, 234, 646 N.E.2d 528, 531 (1994) (internal citations omitted). The first issue presents the *legal* question of whether the mortgagor has defaulted on the note. *Id.* The second issue entails an inquiry into whether the mortgagor's *equity* of redemption should be foreclosed. *Id.* (internal citations omitted).

Plaintiff's unopposed motion for summary judgment and supporting documents conclusively establish the following:

9

1.  Plaintiff is the current holder of the Hope Hotel Mortgage and the indebtedness secured thereby, and by reason thereof asserts a good and valid lien on the Real Estate for purposes of securing the balance due on the Promissory Note.

2.  There are significant and ongoing amounts due to Plaintiff on the Promissory Note and under the terms of the Mortgage, including – but not limited to – the principal sum (as of January 1, 2013) equaling $6,664,735.18.

3.  Borrower's failure to make payments as required under the Promissory Note constitutes a breach of, and default under, the terms of the Promissory Note and, therefore, Borrower has likewise defaulted under the terms of the Hope Hotel Mortgage. Plaintiff is therefore entitled to foreclosure of the Property and an order for sale of the Property.

4.  The Hope Hotel Mortgage and the Financing Statements reflecting the security interest in the Collateral are unreleased and uncancelled of record and evidence the security interest which constitutes a valid first and best lien on the Collateral described therein. The Promissory Note has been accelerated and otherwise has matured according to its terms and conditions, and the terms of the Mortgage have been broken. Due to the respective defaults, in accordance with Ohio Rev. Code §§ 1309.601, *et seq*., Plaintiff is entitled to foreclose and sell the Collateral described therein at a public sale.

Accordingly, Plaintiff is entitled to summary judgment on Counts I and II of its Complaint and is therefore entitled to judgment *in rem* on the Promissory Note and foreclosure of the Property and an order for the sale of the Property.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's Motion for Summary Judgment *in Rem* (Doc. #52) is GRANTED.  The Judgment Entry and Decree of Foreclosure will issue separately today.

May 31, 2013                                        _____s/Sharon L. Ovington_____
                                                                        Sharon L. Ovington
                                                         Chief United States Magistrate Judge