**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| GCCFC 2002-C1 DAYTON HOTEL & CONFERENCE CENTER, LLC, | ) |
| | ) Case No. 3:10cv00105 |
| Plaintiff, | ) |
| | ) Chief Magistrate Judge Sharon L. Ovington |
| vs. | ) |
| | ) |
| DAVID A. MEYERS, AS TRUSTEE OF THE VISICON SHAREHOLDERS TRUST, AN OHIO TRUST U/A/D NOVEMBER 11, 2002, *et al.*, | ) **JUDGMENT ENTRY AND DECREE OF FORECLOSURE** |
| | ) |
| Defendants. | ) |
| | ) |

_____

The Court has granted Plaintiff GCCFC 2002-C1 Dayton Hotel & Conference Center, LLC's ("Plaintiff," "GCCFC" or "Lender") Motion for Summary Judgment *in rem* and foreclosure of its mortgage ("Motion") concerning the personal property ("Collateral") and leasehold interest owned by David A. Meyers, as Trustee of The Visicon Shareholders Trust, an Ohio Trust U/A/D November 11, 2002 and Amanda L. Meyers, as Trustee of The Visicon Shareholders Trust, an Ohio Trust U/A/D/ November 11, 2002 (collectively, the "Borrower") in certain land and real estate ("Real Estate") located at Chidlaw Road & Spruce Way, Wright-Patterson AFB, Greene County, Ohio, Parcel Number A01000100070002308, which is commonly known as the Hope Hotel & Richard C. Holbrooke Conference Center (collectively, the "Property") and more particularly described as follows:

> SITUATE IN THE STATE OF OHIO, COUNTY OF GREENE, TOWNSHIP OF BATH AND BEING PART OF SECTION 31, TOWN 3, RANGE 8 M.R.S., ALSO BEING PART OF THE GOVERNMENT RESERVATION OF WRIGHT-PATTERSON AIR FORCE BASE BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> BEGINNING AT A STAKE SET AT A POINT 50.00 FEET EAST OF THE CENTERLINE OF CHIDLAW ROAD AND 46.00 FEET SOUTH OF THE CENTERLINE OF SPRUCE WAY;
>
> THENCE SOUGHT 65°22'55" EAST, ALONG THE SOUTH LINE OF SAID SPRUCE WAY, A DISTANCE OF 276.28 FEET TO A STAKE SET A POINT OF CURVATURE;

    THENCE ON A CURVE TO THE RIGHT, ALONG THE SOUTH LINE OF SAID SPRUCE WAY, HAVING A RADIUS OF 529.00 FEET, A CENTRAL ANGLE OF 33°30'36", FOR AN ARC DISTANCE OF 309.39 FEET TO A STAKE SET;

    THENCE TO STAKE SET BY THE FOLLOWING COURSES;

    SOUTH 59°07'41" WEST A DISTANCE OF 139.01 FEET;

    SOUTH 23°44'59" EAST A DISTANCE FO 468.88 FEET;

    SOUTH 62°49'51" WEST A DISTANCE OF 305.00 FEET;

    NORTH 63°42'24" WEST A DISTANCE OF 514.12 FEET TO A STAKE SET 213.89 FEET EAST OF THE CENTERLINE OF CHIDLAW ROAD;

    THENCE NORTH 0°50'12" WEST, A DISTANCE OF 63.26 FEET TO A STAKE SET AT A POINT OF CURVATURE;

    THENCE ON A CURVE TO THE RIGHT, HAVING A RADIUS OF 1300.00 FEET, A CENTRAL ANGLE OF 26°25'08", FOR AN ARC DISTANCE OF 599.42 FEET TO A STAKE SET AT A DISTANCE OF 50.00 FEET FROM THE CENTERLINE OF CHIDLAW ROAD;

    THENCE NORTH 25°34'56" EAST, ALONG THE EAST LINE OF CHIDLAW ROAD, A DISTANCE OF 92.00 FEET TO THE PLACE OF BEGINNING, CONTAINING 10.272 ACRES;

    TOGETHER WITH RIGHTS OF INGRESS AND EGRESS AND THE RIGHT, IN COMMON WITH OTHERS, TO THE USE OF ALL SUPPORTING FACILITIES, ROADWAYS AND/OR RAILROAD TRACKS SERVING THE LEASED PREMISES AS SET FORTH AND DESCRIBED IN THE LEASE FROM THE SECRETARY OF THE AIR FORCE TO H.A.I., INCORPORATED AND VANTAGE GROUP, INC., DATED DECEMBER 29, 1988, AND RECORDED MARCH 15, 1989, IN VOLUME 435, PAGE 366 OF THE GREENE COUNTY, OHIO RECORDS.

For the reasons set forth in the Court's previous Decision and Order granting Plaintiff's Motion for Summary Judgment *in rem*, the Court finds as follows[1]:

    1.    On March 22, 2010, Plaintiff filed its Complaint for Foreclosure and Appointment of Receiver with this Court ("Complaint").  Pursuant to Section 2703.26 of the Ohio Revised Code, the doctrine of *lis*

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in Plaintiff's Motion for Summary Judgment *in rem*.

*pendens* bars any and all liens filed against the Real Estate after the date upon which Lender filed its Complaint.

2. All necessary parties have been served with summons in accordance with the Federal Rules of Civil Procedure, and the Court has jurisdiction over each party and the subject matter of this action. Defendant the Greene County, Ohio Treasurer (the "Treasurer") has been served with the Summons and Complaint but has not filed an answer in this matter.  The United States of America filed an answer in this matter on May 6, 2010.  The State of Ohio was dismissed as a party in these proceedings on June 7, 2010. Borrower filed an answer in this matter on April 13, 2010.

3. Lender owns and holds the Note.  Due and owing from Borrower to Plaintiff on the indebtedness, as evidenced by the Note and secured by the Mortgage, is the principal sum of $6,664,735.18, not including accrued interest, late charges, deferred interest, prepayment obligations, attorneys' fees, and other charges and obligations due pursuant to the Note and other loan documents, which obligations continue to accrue, subject to reduction to the extent of any remaining reserves and escrows established pursuant to the Mortgage (as defined herein) and other loan documents.

4. Under the terms of the Mortgage, Borrower granted to Lender a security interest in the Collateral.  Lender has filed the Financing Statements, thereby perfecting its security interests in the Collateral. The Financing Statements remain unreleased and uncancelled of record and perfect Lender's first and best lien on the Collateral.

5. Lender owns and holds the Mortgage.  Borrower has defaulted on the Mortgage by, among other things, failing to make payments and otherwise comply with the terms and conditions of the Note and Mortgage.  The Mortgage has therefore become absolute, entitling Lender to foreclose the same by a judicial proceeding and have the Real Estate and Collateral described therein sold at public sale.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lender has a valid and subsisting lien on the Real Estate by virtue of the Mortgage, subject only to the lien, if any, of the Treasurer for outstanding real estate taxes and assessments.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lender has a valid and subsisting first lien on the Collateral by virtue of the Mortgage and Financing Statements.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the Borrower's interest in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by Borrower pursuant to Section 2329.33 of the Ohio Revised Code.  In addition, an order of sale shall issue to the Special Master, directing him/her to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his/her proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Greene County Recorder and the Clerk of Courts directing them to enter the same on the margin of the records of the leasehold mortgages and liens releasing the liens adjudicated herein from the premises.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there is no just cause for delay.

**IT IS SO ORDERED.**

May 31, 2013

                        s/Sharon L. Ovington
                         Sharon L. Ovington
                    Chief United States Magistrate Judge